## Rothenberger Estate

*Emanuel E. Farbman* and *Lewis K. Arinsberg*, for Veterans Administration.

*Body, Rhoda, Stoudt & Bradley*, for Commonwealth.

HESS, J., September 26, 1958.—Berks County Trust Company, guardian of Earl W. Rothenberger, a weak-minded person, has filed an account which shows a balance of $4,746, and the accountant requests that the entire balance be distributed to it for further administration and accounting. The Commonwealth of Pennsylvania has filed exceptions to the proposed distribution, claiming that $2,312.41 should be awarded to the Commonwealth on account of its claim for providing care and maintenance for the incompetent in the Wernersville State Hospital for a period antedating the appointment of the guardian. The Veterans Administration of the United States of America has intervened to oppose the claim of the Commonwealth.

The guardian was appointed on November 21, 1952. The incompetent became a patient at Wernersville State Hospital on August 18, 1949, and at the time the guardian was appointed the sum of $2,312.41, the amount of the present claim, was owing to the Commonwealth. Since the date of its appointment the

guardian has been paying in full for the care of its ward as directed by order of this court dated July 16, 1953. The estate of the incompetent as of the date of the appointment consisted of $1,990.75, and thereafter, the guardian received monthly pension payments from the Veterans Administration on behalf of its ward, the present monthly payments being $133.45. All moneys which came into the estate represent payments by the Veterans Administration for the ward, and the balance for distribution consists of uninvested cash.

On June 16, 1953, the guardian filed a petition asking leave to pay, among other things, the claim of the Commonwealth amounting to $2,312.41. At a hearing on July 10, 1953, before President Judge Mays, the Veterans Administration opposed the claim. The notes of testimony indicate that the presiding judge deferred ruling on the claim for the sum due for maintenance of the incompetent prior to the date of the guardian's appointment. Then, as now, the attorney for the Veterans Administration in opposing the claim relied on the Act of Congress of August 12, 1935, 49 Stat. 609, 38 U. S. C. A. §454a, which provides:

"Assignability and exempt status of payments of benefits. Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments."

The foregoing section was repealed and substantially reënacted by Pub. L. 85-86, Title X, sec. 1001, 71 Stat. 122, 38 U. S. C. A. §3001, so that as far as we are concerned the problem before us is the same as that posed under the Act of August 12, 1935. The Commonwealth contends that it is not included under the designation "creditor" and that the limitation in the act does not apply to it.

The decisions of the nisi prius courts of Pennsylvania are in conflict and there is apparently no controlling decision of our appellate courts. The weight of the county courts appears to be in favor of holding that the Commonwealth is a creditor and that the limitation of the Act of Congress applies to it: Szakovics Estate, 1 D. & C. 2d 77; In re Christian S. Bones, 34 Dauph. 385; Brusbard's Estate, 34 D. & C. 107; In re Musser, 19 D. & C. 526. The principal decision opposed to the above authorities in Pennsylvania is Lulis Estate (No. 1), 77 D. & C. 118. After studying the various conflicting opinions it is our conclusion that the decisions which oppose payment of the Commonwealth's claim are sound under the law. In Szakovics Estate, supra, page 85, President Judge Barthold said:

"It is our considered judgment that the evident purpose of Congress was to exempt veterans' pensions or benefits from the claims of creditors including claims of local and State governments. When the Congress used the word 'creditors' it did not choose to define the word or exclude local government agencies. We are not at liberty to defeat the purpose of the legislation by adding to the statute words which the Congress did not see fit to include. We may not speculate on what the legislative intention was when the words of a law are clear and free from ambiguity." We approve of that language.

The Veterans Administration endorses and approves of payments to the Commonwealth for current maintenance of the ward after the date of the appointment of the guardian and this court has so directed. In so far as the claim for the maintenance prior to that date, the Commonwealth is merely a creditor and the Act of Congress stands squarely in the way of permitting payment so long as these uninvested funds remain in the custody of the guardian. In Fisher's Estate, 302 Pa. 516, our Supreme Court recognized the right of Congress to make payments of bounties or benefits to veterans impressed with certain qualities, saying, at page 523: "The badge of national obligation to a soldier protects it [the payments] from liability for taxes, debts and the like; . . ." Later, on the same page, the opinion writer states: "Congress was not interested in setting up a fund for creditors and excisors." See also Schmuckli's Estate, 341 Pa. 36.

Were this court of the opinion that the Commonwealth was not included under the term "creditor" in the Act of Congress, we would hesitate to direct payment of the claim at this time. The amount claimed is approximately half of the balance for distribution. Our first concern is the welfare and protection of our ward and should for any reason his pension be discontinued or reduced below the amount of present monthly payments to the Commonwealth for his maintenance, or. should other emergencies arise, the ward would be in a precarious position in so far as his estate is concerned. When the question of payment of the same claim was previously before this court approximately five years ago, Judge Mays deferred action, apparently for the same reason, and we would not be disposed to rule differently at this time.

At the argument, the attorney for the Veterans Administration conceded that under certain condi-

tions when the guardianship is finally terminated and the ward is no longer in need of the protection of the court, the claim might properly be paid. The court is not to be understood as refusing to recognize the validity of the Commonwealth's claim as a debt. Ultimately we may direct that it be paid. We have decided that it cannot be paid at this time from the uninvested funds in the hands of the guardian resulting from pension payments by the United States because the Act of Congress places a bar in the way of payment.

And now, to wit, September 26, 1958, the exceptions of the Commonwealth are dismissed without prejudice to the validity of the Commonwealth's claim as a debt.